18833. LANIER, chairman, etc., *v.* JOHNSON.

SUBMITTED JANUARY 11, 1955—DECIDED FEBRUARY 16, 1955.

*Wm. J. Neville,* for plaintiff in error.

*Fred T. Lanier, Robert S. Lanier,* contra.

ALMAND, Justice. The exception here is to a mandamus absolute issued on the petition of Mrs. Minnie Lee Johnson, official Reporter of the Superior Courts of the Ogeechee Judicial Circuit, against Allen R. Lanier as Chairman of the Board of County Commissioners of Bulloch County. The prayer for a mandamus absolute was heard by the court upon the allegations of the petition, there being no disputed issues of fact. The facts alleged were that, upon application of the petitioner to the Judge of Bulloch Superior Court, the court authorized and approved payment in the amount of $520 of the plaintiff's statement as court reporter for attendance of 26 days upon Bulloch Superior Court in the trial of civil cases, at the rate of $20 per day. This statement contained a certificate of the clerk of said court that the plaintiff was in attendance upon said court at the request of the judge, solely in the trial of civil cases, for 26 days from April, 1951, through April, 1954. Payment of this order of the judge, upon its presentation to the defendant, was refused. The plaintiff alleged that she was entitled to payment of her bill, and that the defendant was under a duty to pay the same.

Section 24-3104 of the Code of 1933, which provided for payment to a court reporter, in taking down testimony in the trial of criminal cases, of $15 per day, to be paid out of the funds of the county wherein such criminal cases were tried, was repealed in its entirety by an act approved February 21, 1951 (Ga. L. 1951, p. 630), and the General Assembly enacted a new section, to be known as Code § 24-3104, providing, as stated in the caption "a method, procedure and source of compensation of court reporters by counties for attendance upon all courts and for reporting criminal cases therein." This act provided, as com-

pensation to the reporter "for all days upon which he attends, at the request of the judge, all courts located in the circuit over which he presides," the sum of $20 per day, and that the judge of the superior court wherein the reporter was in attendance "shall authorize and approve for the court reporter a compensation of $20 per day, to be paid out of the funds of the county, on order of such judge." Sec. 3 provided that the act should not affect the compensation of court reporters in any county or circuit in which he was then being paid a straight salary for his duty, or in any county or circuit which may hereafter provide a straight salary for such reporter for his services.

We do not agree with the contention of the respondent that the sole compensation for the reporter of the Ogeechee Judicial Circuit was fixed at $2,400 per annum by the act approved February 15, 1950 (Ga. L. 1950, p. 222). This act purports to amend Code § 24-3104, and only fixed a salary in lieu of other compensation for attending the Superior Courts of the Ogeechee Circuit in the taking, transcribing, and filing of *criminal cases*. It also expressly provides that such reporter shall receive for taking, transcribing, and filing the evidence in civil cases the same compensation "now fixed or that may hereafter be fixed by law." Furthermore, even if this act of 1950 applied to other than criminal cases, it would seem that, being an amendment to Code § 24-3104, it was repealed by the act of 1951, supra, which expressly repealed said section and enacted a new section which did not carry forward the amendment of 1950.

The undisputed facts in this case show that the petitioner is entitled to the compensation awarded to her by the order of the judge under the act of 1951, and that she is entitled to payment of the sum claimed, and it was not error for the judge to issue the order requiring the respondent to pay such sum.

*Judgment affirmed. All the Justices concur.*