## 19030. KESSLER et al. v. JOHNSON.

CANDLER, Justice. This mandamus proceeding was brought in Effingham County by Mrs. Minnie Lee Johnson, as the official court reporter for the Ogeechee Judicial Circuit, against C. L. Kessler and four others, as the Commissioners of Roads and Revenue of Effingham County. Briefly and in substance, the petition alleges: On June 18, 1954, Honorable J. L. Renfroe, as Judge of the Superior Court of Effingham County, granted an order approving and ordering paid out of county funds the plaintiff's bill for attending Effingham Superior Court as official court reporter for six days at $20 per day on request by the presiding judge thereof when only civil cases were tried; and that her bill, as thus approved, was presented to the defendants, as such county commissioners, and payment thereof was refused. The defendants, by their answer, admitted that the plaintiff's bill was correct and a proper charge for attending court on request by the judge, but averred that they and/or their predecessors in office had erroneously paid her $1,325.40 under an act of 1950 which was repealed by an act passed in 1951; and that they are lawfully entitled to set off the amount they erroneously paid her against any indebtedness she has against Effingham County. The trial judge sustained a general demurrer to the defendants' answer and struck it from the record. And he also, by mandamus absolute, required the defendants to pay the plaintiff's approved bill for $120. To these rulings the defendants excepted. *Held:*

The judgments here complained of are not erroneous. An act which the legislature passed in 1950 (Ga. L. 1950, p. 222), provides for a salary of $2,400 per annum for the official Court Reporter of the Ogeechee Judicial Circuit, payable pro rata by the several counties of the circuit on the basis of $200 per month. Section 2 of the act prescribes the method for determining the amount of the salary each county of the circuit shall pay monthly. Section 3 provides "that the salary herein provided for shall be in lieu of compensation now fixed by law for attending the superior courts in the various counties comprising the Ogeechee Judicial Circuit for the purpose of taking, transcribing and filing [the evidence in] criminal cases as directed by the presiding judge of said circuit." And section 4 provides "that the official court reporter of said circuit shall receive for taking, transcribing and filing the evidence in civil cases the same compensation now fixed or that may hereinafter be fixed by law." Section 1 of an act which was passed in 1951 (Ga. L. 1951, p. 630) provides in part: "The Judge of the Superior Court shall authorize and approve for the court reporter a compensation of $20.00 per day, to be paid out of the funds of the county, on order of such judge, for all days upon which he attends, at the request of the judge, all courts located in the circuit over which he presides." And section 2 of the act is as follows: "Provided further that all laws applicable to any circuit or counties of this State governing compensation of court reporters therein, heretofore enacted by the General Assembly, shall be, and remain in full force and effect." In the case at bar it is the defendants' sole contention that the act of 1951 relieves them of any obligation to pay Effingham County's pro rata part of the $2,400 salary

provided for the court reporter of the Ogeechee Judicial Circuit by the act of 1950. Obviously, there is no merit in this position. By express terms the act of 1950 is unaffected by the act of 1951. See *Lanier* v. *Johnson*, 211 *Ga.* 399 (86 S. E. 2d 209).

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 12, 1955—DECIDED JULY 13, 1955.

*Howard & Hunter*, for plaintiffs in error.
*Fred T. Lanier, Robert S. Lanier*, contra.

*Judgment affirmed. All the Justices concur.*